UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KEYONTAE OWENS,
o.b.o. T.T.O., a Minor,

       Plaintiff,                                  Hon. Ellen S. Carmody

v.                                                      Case No. 1:13 CV 1239

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim that her daughter is entitled to Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act. On March 6, 2014, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment. (Dkt. #10). Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff's daughter is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

**STANDARD OF REVIEW**

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making his decision, and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and the Commissioner's findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). The

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff's daughter (T.T.O.) was born on April 15, 1999. (Tr. 101). On December 2, 2008, Plaintiff submitted an application for disability benefits, asserting that her daughter has been disabled since November 6, 2008, due to ADHD, ODD, and reading/math difficulties. (Tr. 101-10, 124). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (Tr. 55-100). On June 28, 2012, ALJ William Reamon conducted an administrative hearing at which T.T.O. testified. (Tr. 27-54). In a written decision dated September 10, 2012, the ALJ determined that T.T.O. was not disabled as defined by the Act. (Tr. 9-22). The Appeals Council declined to review this determination, rendering it the Commissioner's final decision in the matter. (Tr. 1-8). Plaintiff subsequently initiated this pro se appeal pursuant to 42 U.S.C. § 405(g).

## ANALYSIS OF THE ALJ'S DECISION

Federal law provides that an "individual under the age of 18" will be considered disabled if she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations." 42 U.S.C. § 1382c(a)(3)(C)(i). To determine whether a child satisfies this standard, the Commissioner must evaluate the claim pursuant to a three-step sequential process. 20 C.F.R. § 416.924.

3

In the first step, if the ALJ determines that the child is engaged in substantial gainful activity she cannot be found to be disabled. 20 C.F.R. § 416.924(b); *Elam v. Commissioner of Social Security*, 348 F.3d 124, 125 (6th Cir. 2003). If the child is not engaged in substantial gainful activity the analysis proceeds to step two, at which point the ALJ must determine whether the child has a severe impairment or combination of impairments. 20 C.F.R. § 416.924(c); *Elam*, 348 F.3d at 125. If the ALJ determines that the child suffers from a severe impairment, or combination of impairments, the analysis proceeds to step three, at which point the ALJ must determine whether the impairment(s) "meet, medically equal, or functionally equal" one of the impairments identified in the Listing of Impairments. 20 C.F.R. § 416.924(d); *Elam*, 348 F.3d at 125.

After noting that T.T.O. was not engaged in substantial gainful activity, the ALJ proceeded to the second step of the analysis, finding that T.T.O. suffered from the following severe impairments: (1) attention deficit hyperactivity disorder; (2) oppositional defiant disorder; and reading/math/written expression disorders. (Tr. 12). At the third step of the analysis, the ALJ concluded that T.T.O.'s impairments do not, individually or in combination, meet or medically equal any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 12). The ALJ further determined that T.T.O.'s impairments do not functionally equal in severity any impairment identified in the Listing of Impairments. (Tr. 12-21).

To determine whether a child claimant suffers from an impairment which is the functional equivalent of a listed impairment, the ALJ must evaluate how the child functions in each of six domains of functioning described as "broad areas of functioning intended to capture all of what a child can or cannot do." 20 C.F.R. § 416.926a(a)-(b). To be considered disabled the child's

impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). The six domains of functioning are:

        (i)      acquiring and using information,
        (ii)     attending and completing tasks,
        (iii)    interacting and relating with others,
        (iv)    moving about and manipulating objects,
        (v)     caring for yourself, and
        (vi)    health and physical well-being.

20 C.F.R. § 416.926a(b)(1).

The ALJ found that T.T.O. experienced no limitation in the domains of moving about and manipulating objects and health and physical well-being. (Tr. 12-21). The ALJ further found that T.T.O. experienced less than marked limitation in the four remaining domains. (Tr. 12-21). Accordingly, the ALJ determined that T.T.O. was not disabled as defined by the Social Security Act.

On February 25, 2014, the Court entered an Order directing Plaintiff to file a brief in support of her appeal no later than April 1, 2014. (Dkt. #9). Plaintiff failed to comply with this Order and on October 24, 2014, the Court entered an Order to Show Cause directing Plaintiff to "show cause by November 7, 2014 why her case should not be dismissed for failure to prosecute." (Dkt. #11). While Plaintiff timely responded to this Order, she failed to demonstrate why she had been unable to timely file her brief or why, more than six months after her initial brief was due, she still had failed to file any pleading in support of her appeal. (Dkt. #12). On December 9, 2014, Plaintiff submitted a two-page pleading in which she discussed her daughter's condition and level of functioning, but failed to identify, either directly or indirectly, any alleged error in the ALJ's analysis. Plaintiff stated that her daughter is a sophomore in high school and "plays varsity basketball, [is] on the honor roll, [and] is showing improvement." (Dkt. #14). Plaintiff indicated

that her daughter's improvement was due to medication and academic assistance she receives at school. (Dkt. #14).

Plaintiff's assertions are consistent with the evidence of record which reveals that T.T.O. experienced moderate behavioral and academic issues when she was younger, but that once she began receiving treatment and medication her behavior and academic performance improved significantly. For example, on November 10, 2008, a teacher completed an assessment concerning T.T.O.'s behavior when T.T.O. "was not on medication." (Tr. 241-42). This assessment indicated that T.T.O. was experiencing certain behavioral difficulties. (Tr. 241-42). Plaintiff was then started on medication and a subsequent assessment revealed that T.T.O.'s behavior had improved significantly in a very short period of time. (Tr. 239-40).

Treatment notes dated July 26, 2010, indicate that T.T.O. was doing "much better" on her current medication regimen. (Tr. 270). Treatment notes dated July 30, 2010, indicate that T.T.O. received "A's/B's all year" during the recently completed school year. (Tr. 264). A December 23, 2010 consultive examination revealed that medication has "a positive impact on [T.T.O.'s] symptoms." (Tr. 279-88).

Treatment notes dated June 9, 2011, indicate that T.T.O.'s grades "have improved substantially, as evidenced by her increased ability to concentrate, get work done and study." (Tr. 323). During the subsequent summer, T.T.O. was off her medication which resulted in an increase in problematic behavior, but once T.T.O. resumed her medication, Plaintiff reported that T.T.O.'s ADHD was "markedly better." (Tr. 302-03). Treatment notes dated December 22, 2011, indicate that Plaintiff's "mood and school performance" were "much better." (Tr. 320). This evidence more than supports the ALJ's decision.

As previously noted, Plaintiff has failed to identify any alleged error or deficiency in the ALJ's decision. Nevertheless, in light of Plaintiff's pro se status, the Court has thoroughly reviewed the record to determine whether the ALJ's decision in this matter is in any way defective or deficient. This review has revealed nothing which calls into question the ALJ's decision making process, the legal standards he applied, or the substantiality of the evidence in support of his decision. Accordingly, the Court concludes that the ALJ's determination that Plaintiff's daughter is not disabled is supported by substantial evidence.

## **CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. A judgment consistent with this opinion will enter.


Date:  February 27, 2015                             /s/ Ellen S. Carmody
                                                     ELLEN S. CARMODY
                                                     United States Magistrate Judge